

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

Nos.  02-21-00207-CV
02-22-00060-CV
02-22-00092-CV

NATALIE ANN STROIK, Appellant

V.

DAVID LEE STROIK, Appellee

---

On Appeal from the 367th District Court
Denton County, Texas
Trial Court No. 20-1192-431

---

### ORDER

On September 2, 2022, the court informed the parties of its concern that appellant's current law firm might be disqualified because a former staff attorney—who joined Griffith, Jay & Michel, LLP after leaving the court's employment in April 2022—had personally and substantially participated in appeal number 02-21-00207-

CV[1] while employed by the court and, after joining Griffith, Jay & Michel, had entered an appearance as appellant's counsel in all three referenced appeal numbers. *See* Tex. Disciplinary Rules Prof'l Conduct R. 1.11(a), (c), *reprinted in* Tex. Gov't Code Ann. tit. 2, subtit. G, app. A (Tex. State Bar R. art X, § 9).

Staff attorneys at the Second Court of Appeals provide essential and substantial support to the court's core function of processing, reviewing, and deciding appeals from trial courts. The court's staff attorneys routinely assist the justices with reviewing motions and briefs and with preparing drafts of opinions and orders. Court staff attorneys also routinely research legal issues and review and comment on early-stage opinion drafts.

In light of these duties and our former staff attorney's resultant participation in the case, we asked the parties for comment. Our September 2 letter also pointed out that although the disciplinary rules contemplate a law firm's representation if a former staff attorney is screened from participation in the matter giving rise to that individual's disqualification, our former staff attorney's appearance as counsel for appellant seemed to moot that possibility. *See id.*

Griffith, Jay & Michel has responded by explaining its conflicts screening and conclusions in these matters[2] but offered to withdraw from representing appellant if

---

[1]All three numbers involve appeals from different post-divorce-decree enforcement orders. Because we have dismissed numbers 02-21-00207-CV and 02-22-00060-CV as moot, only number 02-22-00092-CV remains pending.

the court deems it necessary. We appreciate counsel's candor and—in this specific case and based solely on these facts—accept the firm's offer.

Accordingly, we abate number 02-22-00092-CV for sixty days, until **Monday, December 5, 2022**, to allow appellant to obtain new counsel. **Appellant is ordered to provide this court with her mailing address and telephone number immediately upon receipt of this order.** If appellant retains new counsel, she shall cause new retained counsel to file a notice of appearance in this court by **Monday, December 5, 2022**.

We direct the clerk of this court to send a notice of this order to the law firm of Griffith, Jay & Michel and to appellee's attorney of record. Because the court does not have appellant's contact information at this time, we direct Griffith, Jay & Michel to provide a copy of this order to Appellant.

Dated October 6, 2022.

---

[2]Our former staff attorney explained that she is unaware of her involvement in appeal number 02-21-00207-CV—as is understandable considering the volume of this court's docket and the various stages at which a staff attorney might participate in a case, particularly one with several appeal numbers—and also explained that, as is her standard practice, she had initially "reviewed the Court's online records for any possible conflicts of interest" before beginning representation of appellant. We note that in light of the breadth of our staff attorneys' duties, our online records will not necessarily reveal every situation in which personal and substantial participation might have occurred. And although she has offered to now be screened from further participation in these matters, the rule does not contemplate or permit retroactively removing or ameliorating the cause of disqualification. Finally, because of the timing of assignments in the past, we note that we do not anticipate that this situation is likely to arise again with regard to our former staff attorney's future representation of Griffith, Jay & Michel clients in litigation in which those clients had not appeared before this court as of her departure date.

FILE COPY

Per Curiam

En Banc

FILE COPY